ALLEN *v.* ETHEREDGE, surviving partner.

BLECKLEY, C. J.—On the facts in the record, there was no error in
denying an injunction upon better terms than those prescribed in
the judge's order. On the contrary, an unconditional denial would
have been the more appropriate judgment. See the facts as stated
in the official report.                    *Judgment affirmed.*

February 24, 1890.

Injunction. Practice. Judgments. Levy and sale. Before Judge SMITH. Talbot county. At chambers, June 15, 1889.

On February 6, 1885, Slade & Etheredge brought, to the March term of Talbot superior court, their suit against James Allen on a promissory note dated May 10, 1883, and at the September term, 1886, obtained judgment by default for $480, with interest from date (September 15, 1886) at twelve per cent. Execution following this issued September 30, 1886, and on January 3, 1887, was levied on land as the property of Allen and pointed out by him. Taking the uncontradicted evidence as true, Allen filed his affidavit of illegality on January 10, 1887, to that levy ; and at the March term, 1889, the issue thus made was tried and a judgment was rendered by the court finding against the illegality and dismissing it; and it further appears that to the suit as originally brought he filed a plea of set-off, and just before the case was called for trial he and one of the plaintiffs (Slade) agreed that a claim of $25 should be allowed, and that in consideration thereof the plea should be withdrawn and judgment by default for $480 with interest at twelve per cent. should be taken, but not enforced until the next January 1st; also that at the March term, 1889, Etheredge, surviving partner, moved to amend the judgment so that it should bear seven instead of twelve per cent. interest, and that the execution which had issued be cancelled and another be issued in accordance with the judgment as amended; but this motion was objected to in open court by Allen's attorneys, and no amendment was made. The testimony of plaintiff's attorneys is, that immediately after the adjournment of the court for that term, they went to the clerk and dismissed the motion to amend, and directed him to enter the dismissal on the docket; but the clerk testifies that the motion has not been dis-

missed or otherwise disposed of, and that he has no recollection of ever having received instructions from any one to dismiss it.   The sheriff made another levy and advertised the property for sale on the first Tuesday in June, 1889 ; and on May 31, 1889, Allen filed his petition to enjoin such sale, alleging that the motion to amend the judgment was still pending; that the note bore only seven per cent. interest, and it would be inequitable to allow the execution to proceed for twelve per cent. as it was doing ; and that it should be set aside, or if this cannot be done, amended so as to draw only seven per cent.   The prayer was, for injunction to restrain the sale until the further order of the court, and for general relief.   In his answer Etheredge says he has never claimed more than $480 principal, and seven per cent. interest, and has been and is willing to take that amount with costs.

The court ordered that upon the payment by Allen to the sheriff by the first Monday in July, 1889, of $480 with interest at seven per cent. from September 15, 1886, with the costs, injunction issue as prayed for as to the balance of the judgment and execution ; but upon failure so to pay these sums, the sheriff was directed to proceed with the execution by levy and sale and make the sum of money thereon.   Allen excepted.

WILLIS & PERSONS, by C. J. THORNTON, for plaintiff in error.

MARTIN & WORRILL, contra.